IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NELSON BOATYARD, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 1:24-00349-KD-MU |
| ) | |
| **VESSEL SALAMATI, a/f/k/a** ) | |
| **"SEA QUE II," IMO No. 991061,** ) | |
| **Her engines, apparel, furniture,** ) | |
| **equipment, appurtenances, tackle, etc.,** ) | |
| *in rem,* **and DWAYNE REITH,** ) | **IN ADMIRALTY** |
| *in personam*; ) | *IN REM* |
| ) | |
| **Defendants.** ) | |

**ORDER**

This action is before the Court on Plaintiff Nelson Boatyard, Inc.'s Motion for Confirmation of Sale and Release of the Vessel SALAMATI, a/f/k/a "SEA QUE II," IMO NO. 991061 (the "Vessel"), its engines, tackle, machinery, etc. (Doc. 32). Upon consideration, and for the reasons below, the motion is **GRANTED**.

Plaintiff moves the Court to confirm the sale of the Vessel, her engines, apparel, furniture, equipment, appurtenances, tackle, etc. to Nelson Boatyard, Inc. and to order the U.S. Marshall to transfer title to Plaintiff. (Doc. 32). Plaintiff also requests an order for the release of the vessel from seizure by the U.S. Marshal's service and direct the substitute custodian to deliver possession of the Vessel to Nelson Boatyard, Inc. (Doc. 32).

The record indicates that the Vessel was sold at public action by the U.S. Marshal on March 26, 2025. (Doc. 31). The sale was advertised and carried out in accordance with the local rules and this Court's Order of Sale. (Docs. 28, 30). Local Rule 104E(m)(2) provides that the provisions for paying the Clerk a portion of the purchase price upon bid acceptance apply unless otherwise ordered in the order of sale. S.D. Ala. CivLR 104E(m)(2). The Order of Sale stated that "if the

1

highest bidder is Nelson Boatyard, Inc., a check will not be necessary as it may credit bid up to the amount of the debt due as of the date of the sale." (Doc. 28 at 6). Nelson Boatyard was the highest and best bidder with a credit bid of $23,562.13. (Doc. 31). Further, more than three business days has passed since the sale and no interested person has filed a written objection to the sale with the Clerk of Court. See S.D. Ala. CivLR 104E(m)(6). Therefore, the Court is satisfied that the requirements have been met to confirm the sale of the Vessel,[1] and Plaintiff's Motion for Confirmation of Sale and Release of the Vessel, (Doc. 32), is **GRANTED**.

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that the sale of the Vessel SALAMATI, a/f/k/a "SEA QUE II," IMO NO. 991061 (the "Vessel"), its engines, tackle, machinery, etc. is hereby **CONFIRMED** and that the U.S. Marshal for the Southern District of Alabama shall execute and deliver a Bill of Sale conveying to Plaintiff all right, title, and interest in and to the Vessel, its engines, tackle, machinery, etc., free and clear of all liens, mortgages and other encumbrances.

It is also **ORDERED, ADJUDGED, and DECREED** that the Vessel SALAMATI, a/f/k/a "SEA QUE II," IMO NO. 991061 (the "Vessel"), its engines, tackle, machinery, etc. is hereby **RELEASED** from its writ of arrest and seizure and that substitute custodian **SHALL DELIVER** possession of the Vessel to Plaintiff, and that upon delivery, the substitute custodian shall be **DISCHARGED** from its duties.

**DONE** and **ORDERED** this the **7th** day of **April 2025**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] "If no objection to the sale has been timely filed, the sale shall be confirmed by order of the Court no sooner than five (5) days after the sale and no later than seven (7) days after the sale. The Marshal shall transfer title to the purchaser upon the order of the Court." S.D. Ala. CivLR 104E(m)(7).